UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) | Case No. 4:12-CV-80 (CEJ)
| BURTON DOUGLAS MORRISS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the corrected motion of relief defendant Morriss Holdings for a new trial or to alter or amend judgment. Plaintiff has filed a response in opposition to the motion, in which the receiver joins. All issues are fully briefed.

### I.   Background

On September 15, 2011, the Securities and Exchange Commission (SEC) initiated a formal investigation into Acartha Group, LLC, a private equity fund management company; defendant Burton Douglas Morriss is the CEO of Acartha Group and chairman of its board of directors. On January 8 and 9, 2012, defendant Morriss, Acartha Group, and two additional entities associated with Morriss and Acartha filed for bankruptcy. *In re* Morriss, No. 12-40164 (Bankr. E.D. Mo. Jan. 9, 2012); *In re* Acartha Group, LLC, No. 12-10123-BLS (Bankr. Del. Jan. 8, 2012); *In re* Acartha Tech. Partners, LLC, No. 12-10124-BLS (Bankr. Del. Jan. 8, 2012); *In re* MIC VII, LLC, No. 12-10125-BLS (Bankr. Del. Jan. 8, 2012).

On January 17, 2012, the SEC filed this action against Morriss and four investment entities, including the three in bankruptcy proceedings. Morriss Holdings, LLC, a family business controlled by Morriss, is named as a relief defendant. The SEC

alleges that Morriss improperly transferred $9 million of investor funds to himself and Morriss Holdings.  The SEC asserts claims pursuant to Section 17(a) of the Securities Act,[1] Section 10b-5 and Rule 10b-5 of the Securities Exchange Act,[2] and Sections 206(1), 206(2), and 206(4) and Rule 206(4)-8(a)(2) of the Investment Advisers Act.[3]

On January 17, 2012, the Court entered an *ex parte* order freezing all the assets of the investment entities and appointed a receiver.[4]  The asset freeze order restrained all individuals and entities other than the receiver from transferring or receiving any assets of the investment entities or Morriss Holdings.  In the order appointing a receiver, the Court found that the automatic stay provisions of 11 U.S.C. § 362 did not apply to this matter and gave the receiver the authority to act as the sole debtor-in-possession as to the investment entities.  On January 25, 2012, pursuant to motions filed by the receiver, the United States Bankruptcy Court for the District of Delaware dismissed the investment entities' Chapter 11 proceedings.[5]

On March 22, 2012, with the receiver's consent, the Court issued a judgment of permanent injunction and other relief against the investment entities in receivership. The order provides that, upon motion of the SEC, the investment entities will pay disgorgement of ill-gotten gains, prejudgment interest, and a civil penalty.  The order also bars the investment entities from arguing at a future disgorgement hearing that

---

[1] 15 U.S.C. § 77q(a).

[2] 15 U.S.C. § 78j(b) and 17 C.F.R. 20.10b-5(b).

[3] 15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-6(4) and 17 C.F.R. § 275.206(4)-8(a)(2).

[4] The Court appointed Claire M. Schenk as receiver.

[5] On February 13, 2012, the bankruptcy court in this district converted defendant Morriss's petition to Chapter 7 and appointed an independent trustee.  That action remains pending.

they did not violate federal securities laws.  Relief defendant Morriss Holdings moves to set aside the judgment, arguing that it was entered in violation of the automatic stay provision of 11 U.S.C. § 362(a).

## II.  Discussion

The filing of a petition in bankruptcy:

operates as a stay, applicable to all entities, of--

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; [and]
>
> * * *
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . .

11 U.S.C. § 362(a).

The statute also provides several exceptions to the automatic stay, including the "governmental unit" exception, which states:

The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay--

> (4) under paragraph (1) [or] (3) . . . of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power . . .

11 U.S.C. § 362(b)(4).

The purpose of § 362(b)(4) is to prevent a debtor from "frustrating necessary governmental functions by seeking refuge in bankruptcy court." SEC v. Brennan, 230 F.3d 65, 71 (2d Cir. 2000) (quoting City of New York v. Exxon Corp., 932 F.2d 1020,

1024 (2d Cir. 1991) and citing S. Rep. No. 95-989, at 52 (1978), U.S. Code Cong. & Admin. News at 5787, 5838; H.R. Rep. No. 95-595, at 343 (1977), U.S. Code Cong. & Admin. News at 5963, 6299). "[W]here a governmental unit is suing a debtor to prevent or stop violation of fraud . . . or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." H.R. Rep. No. 95-595, at 343, U.S. Code Cong. & Admin. News at 6299; accord S. Rep. No. 95-989, at 52, U.S. Code Cong. & Admin. News at 5838. The governmental unit exception to the automatic stay provision "extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment." CFTC v. Co Petro Marketing Grp., Inc., 700 F.2d 1279, 1283 (9th Cir. 1983).

Defendant Morriss Holdings asserts that § 362(b)(4) does not apply in this case because the government's purpose in bringing the action is to obtain a money judgment. It is "well settled that the primary purpose of Commission enforcement actions is to promote public policy and safety by ensuring fair and equitable securities markets." SEC v. Wolfson, 309 B.R. 612, 618-19 (D. Utah 2004) (citing SEC v. First Fin. Grp. of Texas, 645 F.2d 429, 439 (5th Cir. 1981); SEC v. Towers Fin. Corp., 205 B.R. 27, 30 (S.D.N.Y. 1997)); see also SEC v. Smith, No. C2-CV-04-739, 2005 WL 2875546, at *2-3 (S.D. Ohio 2005) (finding that SEC action satisfied § 362(b)(4) "pecuniary purpose" test and "public policy" test). A proceeding such as this action "that seeks to curb certain behavior, such as defrauding investors, by imposing financial liability or seeking an injunction, is one that enforces the government's police or regulatory power and serves to protect public health and safety." SEC v. Friedlander, No. 01Civ4658 (KMW)(KNF), 2002 WL 1628832, at *1 (S.D.N.Y. July 23,

2002).  The automatic stay exception also allows the Court to appoint a receiver. Wolfson, 309 B.R. at 620; see Co Petro, 700 F.2d at 1282-83 (district court had authority to order return of funds taken in violation of asset freeze to the receiver notwithstanding bankruptcy action).  Furthermore, the court retains jurisdiction to enter orders to aid the receiver in collecting and preserving property of the estate.  Co Petro, 700 F.2d at 1283.

The government unit exception to the automatic stay applies to this action. Because the Court finds that the § 362(b)(4) exception to the automatic stay applies in this case, the Court need not address plaintiff's argument that Morriss Holdings lacks standing to challenge the Court's entry of Judgment against the investment entities.

Accordingly,

**IT IS HEREBY ORDERED** that the corrected of relief defendant Morriss Holdings, LLC, for a new trial or to alter or amend judgment pursuant to Fed.R.Civ.P, 59(a) and (e) [Doc. #133] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2012.