# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 4:12-CV-00080-CEJ |
| | ) |
| BURTON DOUGLAS MORRISS, | ) |
| ACARTHA GROUP, LLC, | ) |
| MIC VII, LLC, | ) |
| ACARTHA TECHNOLOGY PARTNERS, LP, and | ) |
| GRYPHON INVESTMENTS III, LLC, | ) |
| | ) |
| Defendants, and | ) |
| | ) |
| MORRISS HOLDINGS, LLC, | ) |
| | ) |
| Relief Defendant. | ) |

## DEFENDANT BURTON DOUGLAS MORRISS' ANSWER

Defendant Burton Douglas Morriss, by and through his undersigned counsel, answers the Complaint for Injunctive and Other Relief filed against him in this cause by Plaintiff Securities and Exchange Commission in like numbered paragraphs as follows:

### I. INTRODUCTION

1. Defendant denies the allegations of paragraph 1.

2. Defendant denies the allegations of paragraph 2.

3. Defendant denies the allegations of paragraph 3.

### II. DEFENDANTS AND RELIEF DEFENDANT

4. Defendant admits that he is 49 years old, resides in St. Louis, Missouri and that he formerly held the positions indicated, but denies that he currently holds those positions.

5. Defendant admits that "Acartha Group is a Delaware limited liability company incorporated in February 2003." Defendant does not know whether or where Acartha Group currently maintains offices. Defendant denies the remaining allegations of paragraph 5.

6. Defendant admits that "MIC VII is a Delaware limited liability company incorporated in March 2005." Defendant does not know whether or where MIC VII currently maintains offices. Defendant denies the remaining allegations of paragraph 6.

7. Defendant admits that "ATP is a Delaware limited partnership organized in April 2008." Defendant does not know whether or where ATP currently maintains offices. Defendant denies the remaining allegations of paragraph 7.

8. Defendant admits that "Gryphon Investments is a Delaware limited liability company incorporated in February 2003." Defendant does not know whether or where Gryphon Investments currently maintains offices. Defendant denies the remaining allegations of paragraph 8.

9. Defendant admits that "Morriss Holdings, LLC is a Missouri limited liability company incorporated in March 1998" and denies the remaining allegations of paragraph 9.

### III. JURISDICTION AND VENUE

10. Paragraph 10 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations of paragraph 10.

11. Paragraph 11 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that he resides in the Eastern District of Missouri, that the Investment Entities maintained offices in the Eastern District of Missouri, and that the Investment Entities offered and sold securities and solicited and received funds in the Eastern District of Missouri. Defendant denies that he violated the Securities Act,

Exchange Act, and Advisers Act, and therefore denies that the Court has personal jurisdiction and venue on this basis.

12. Defendant denies the allegations of paragraph 12.

## IV. THE DEFENDANTS' CONDUCT

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegation about the investors' motivations. Defendant denies the remainder of the allegations of paragraph 16.

17. Defendant admits the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Paragraph 20 sets forth subjective assessments to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations of paragraph 20.

21. In response to paragraph 21, Defendant states that the referenced "netting agreement" speaks for itself. Defendant admits that he loaned money to Acartha Group. Defendant denies the remaining allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. In response to paragraph 25, Defendant states that the referenced emails speak for themselves, and otherwise denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. In response to paragraph 30, Defendant states that the Investment Entities' offering and operating agreements speak for themselves, and otherwise denies the allegations of paragraph 30.

31. In response to paragraph 31, Defendant states that the Investment Entities' offering and operating agreements speak for themselves, and otherwise denies the allegations of paragraph 31.

32. In response to paragraph 32, Defendant states that ATP's 2008 Agreement of Limited Partnership speaks for itself, and otherwise denies the allegations of paragraph 32.

33. In response to paragraph 33, Defendant states that Gryphon Investments' 2008 Limited Liability Company Operating Agreement speaks for itself, and otherwise denies the allegations of paragraph 33.

34. In response to paragraph 34, Defendant states that the 2005 MIC VII Amended and Restated Limited Liability Company Operating Agreement speaks for itself, and otherwise denies the allegations of paragraph 34.

35. In response to paragraph 35, Defendant states that Acartha Group's 2007 Private Placement Memorandum speaks for itself, and otherwise denies the allegations of paragraph 35.

36. In response to paragraph 36, Defendant states that the referenced communications speak for themselves, and otherwise denies the allegations of paragraph 36.

37. Defendant admits that he personally guaranteed a loan from Wachovia Bank to MIC VII, and denies the remaining allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. In response to paragraph 39, Defendant states that the MIC VII Operating Agreement speaks for itself, and otherwise denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45

## V. CLAIMS FOR RELIEF

### Count I

46. In response to paragraph 46, Defendant repeats and realleges paragraphs 1 through 45 of this Answer.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

### Count II

49. In response to paragraph 49, Defendant repeats and realleges paragraphs 1 through 48 of this Answer.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

### Count III

52. In response to paragraph 52, Defendant repeats and realleges paragraphs 1 through 51 of this Answer.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

### Count IV

55. In response to paragraph 55, Defendant repeats and realleges paragraphs 1 through 54 of this Answer.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

### Count V

59. In response to paragraph 59, Defendant repeats and realleges paragraphs 1 through 58 of this Answer.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

### Count VI

63. In response to paragraph 63, Defendant repeats and realleges paragraphs 1 through 62 of this Answer.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

Count VII

68. In response to paragraph 68, Defendant repeats and realleges paragraphs 1 through 67 of this Answer.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

Count VIII

71. In response to paragraph 71, Defendant repeats and realleges paragraphs 1 through 70 of this Answer.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74.

Defendant denies that the Plaintiff is entitled to the Relief Requested in the Complaint.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

### First Defense

The Plaintiff's Complaint and each and every allegation therein fails to state a claim against Defendant upon which relief can be granted.

### Second Defense

The Plaintiff's claims are barred by the applicable statutes of limitations.

### Third Defense

The Plaintiff's claims are barred because it cannot prove that any of Defendant's purported conduct occurred "in connection with" the purchase or sale of any security.

**Fourth Defense**

The Plaintiff's claims are barred because it cannot meet the requisite standard of proving scienter.

**Fifth Defense**

Defendant acted in good faith and with due diligence and did not directly or indirectly control or induce any wrongful acts or omissions and did no unlawful thing directly or indirectly through or by means of any other person.

**Sixth Defense**

Defendant acted in reliance on counsel and certified public accountants.

**Seventh Defense**

The Plaintiff's claims are barred because Defendant had no duty of disclosure with respect to the alleged misrepresentations and omissions.

**Eighth Defense**

The Plaintiff's claims are barred because the alleged misrepresentations and omissions are not material.

**Ninth Defense**

Defendant and the Investment Entities offered and sold securities only to investors who were knowledgeable, exceptionally sophisticated, and accredited investors. In particular, the investors (1) had such knowledge and experience in financial, tax, and business matters as to enable them to evaluate the merits and risks of their investments and to make an informed investment decision with respect thereto; (2) were able to bear the economic risk of their investment; and (3) had a reasonable opportunity to review documentation and ask questions of and receive answers concerning the investments and that all such questions have been answered

to their satisfaction. The investors represented as much to Defendant, who relied upon these representations. The investors knew or should have known of the speculative nature and risks of such investments, which risks they voluntarily assumed.

**Tenth Defense**

The Complaint and each count thereof fail to allege facts and fail to make a showing sufficient to support an order of disgorgement because there is no evidence that Defendant wrongfully obtained profits, received benefits or avoided losses by reason of the conduct alleged in the Complaint or that disgorgement is necessary for deterrence purposes.

**Eleventh Defense**

The Complaint and each count thereof fail to allege facts and fail to make a showing sufficient to support the imposition of any civil penalties.

**Twelfth Defense**

The relief sought by the SEC in whole or in part exceeds its lawful authority.

**Thirteenth Defense**

Defendant reserves the right to supplement this Answer and to assert additional affirmative defenses as additional facts are learned in the course of discovery.

**DEMAND FOR TRIAL BY JURY**

Defendant hereby requests a trial by jury.

**WHEREFORE**, Defendant requests that this Court deny the relief requested by Plaintiff; grant judgment in Defendant's favor dismissing the Complaint with prejudice; award Defendant his costs and expenses, including reasonable attorneys' fees; and grant such other and further relief as may be just.

Respectfully submitted,

ASHCROFT HANAWAY, LLC
By: /s/ Catherine L. Hanaway
Catherine L. Hanaway, # 41208MO
222 S. Central Avenue, Suite 110
St. Louis, MO 63105
Phone: (314) 863-7001
Fax: (314) 863-7008
chanaway@ashcroftlawfirm.com

# CERTIFICATE OF SERVICE

  I hereby certify that on October 5, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:


Stephen B. Higgins
Brian A. Lamping
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (fax)
*Counsel for the Receiver*

Brian T. James
Robert K. Levenson
Adam L. Schwartz
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6300
(305) 536-4146 (fax)
*Counsel for the Plaintiff*

David S. Corwin
Vicki L. Little
Sher Corwin LLC
190 Carondelet Plaza, Suite 1100
St. Louis, MO 63105
(314) 721-5200
(314) 721-5201 (fax)
*Counsel for Defendant Morriss Holdings, LLC*


        /s/ Catherine L. Hanaway_____
        Catherine L. Hanaway, # 41208MO
        Attorney for Defendant Burton Douglas Morriss