UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-80 (CEJ) |
| | ) | |
| BURTON DOUGLAS MORRISS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the objection of Ameet Patel to the receiver's motion for authorization to distribute funds held by Integrien Acquisition, LLC (IA) and Integrien Acquisition II, LLC (IA II). Mr. Patel is the former Chief Technology Officer for Acartha Group, LLC, and asserts that he is entitled to a larger distribution of the Integrien funds.

I.    **Background**

Acartha Group, LLC, is a private equity fund management company. On January 17, 2012, the Court appointed a receiver for Acartha Group and three additional investment entities. Acartha Group is the managing member for approximately thirteen entities, including the Integrien entities, which the receiver now manages on behalf of Acartha Group. See Decl. of Timothy S. O'Shaughnessy ¶2, Rec. Ex. A [Doc. #243].

In 2010, the Integrien entities received a cash payout following the sale of the underlying investment. A portion of the sale proceeds was placed in an escrow fund, from which partial distributions were made in 2010 and 2011. The receiver obtained the final distribution in February 2012 and now seeks authorization to disburse the

funds.[1]  Under the receiver's proposed distribution, the largest share of the proceeds is allocated for the investors in IA and IA II, while another share is allocated for fees and expenses.  The final share is for carried interest, payable to IA's managing partners Acartha Merchant Partners, LLC, (AMP) and Integrien Capital II, LLC.   The receiver has determined that Mr. Patel is entitled to a share of the carried interest paid to Integrian Capital II .[2]  Mr. Patel argues that he is also entitled to a percentage of the carried interest payable to AMP.[3]

## II.   Discussion

Mr. Patel's claim to a portion of the carried interest payable to AMP is based upon an agreement he entered into with Acartha's then-chairman defendant Burton Douglas Morriss in March 2009.  That agreement was set forth in an email authored by Wynne Morriss, Acartha's general counsel, and directed to defendant Morriss and Mr. Patel.  The relevant portion states:

> This e-mail is intended to memorialize the agreement . . . regarding the division of carried interest in . . . funds that have been established since . . . July 2005 . . . [including the Integrien funds].
>
> The basic division of carried interest to be allocated to Ameet [Patel] will be 40% of the overall carried interest actually distributed . . .   The carried interest vests in accordance with the terms of the employment agreement . . . as contemplated by Section 3 (c)[4] of such employment

---

[1]The receiver seeks authorization to distribute the escrowed funds that do not belong directly to the receivership entities.

[2]Mr. Patel receives a share of the carried interest payable to Integrien Acquisition Capital II, LLC, because he is a member of that entity. See Doc. #244.

[3]Mr. Patel has also filed a claim with the receiver for funds he claims he is owed from the sale of the IA assets.

[4]Section 3(c) of the employment agreement provided that defendant Burton Douglas Morriss, as Acartha Group's chairman, could "in his sole discretion" allow Mr. Patel "to participate in, and receive a carry percentage with respect to, selected non-Fund investments by Acartha and its affiliates." Emp. Agrmt. § 3(c) [Doc. #247-1].

agreement. . . [Burton Douglas Morriss] has irrevocably stated that Ameet does have such right . . .

[Burton Douglas Morriss] agrees that he will, with my assistance, start the process of amending the relevant documentation to properly document the manager's right for carried interest distributions.

Patel Ex. B [Doc. #247-2].

The decision to award Mr. Patel 40% of the carried interest was announced to investors in a letter dated December 8, 2011. Investor Letter at 4 n.2, Patel Ex. C [Doc. 247-3]. Mr. Patel received distributions from the escrowed funds in accordance with this agreement in 2010 and 2011. Contrary to the intention expressed in the March 2009 e-mail, however, the "relevant documentation" was never amended to reflect Mr. Patel's right to a distribution of carried interest.

The receiver states that she relied on the AMP Operating Agreement in determining the proper distribution of its carried interest. That agreement provides that: "Distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member." Agreement, Rec. Ex. B at ¶ 11 [Doc. #252-2]. Acartha Group is the sole member of AMP. Because the receiver is the managing partner of Acartha Group, she is empowered to make decisions regarding distributions from AMP. The allocation of the carried interest from AMP to Acartha Group is clearly consistent with the operating agreement and is within the receiver's authority.

To the extent that Mr. Patel asserts that the March 2009 e-mail supercedes the operating agreement, that argument fails. The AMP operating agreement provides that it "may not be amended except in writing signed by the Member." ¶ 18.3. Mr. Patel concedes that the operating agreement was never amended. In the absence of such an amendment, the receiver is not bound by the e-mail or by the 2010 and 2011 distributions.

The receiver states that the funds Mr. Patel requests are necessary to sustain the complex operations of the receivership.   This purpose is consistent with the receiver's obligations and authority under the order establishing the receivership and serves its equitable purposes.

Accordingly,

**IT IS HEREBY ORDERED** that the objection of Ameet Patel to the receiver's motion for authorization to distribute funds held by the Integrien entities is **overruled**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2013.