UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:12-CV-80 (CEJ) |
| BURTON DOUGLAS MORRISS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of nonparty Mike McDaniel to intervene as of right, pursuant to Rule 24(a)(2), Fed.R.Civ.P., in order to obtain information regarding the receiver's proposed sale of assets. The receiver has filed a response in opposition and the issues are fully briefed.

### I. Background

On January 17, 2012, the Court appointed a receiver to oversee four investment entities established by defendant Burton Douglas Morriss. The appointment order empowered the receiver to "administer and manage" the business affairs and property of the investment entities and to "marshal and safeguard all of the assets of the Investment Entities and take whatever actions are necessary for the protection of investors." Order at 1 [Doc. #16]. Movant Mike McDaniel asserts that he is a shareholder in an investment entity now administered by the receiver.

The receivership estate includes investments in companies that "are not yet revenue positive" and which require additional venture capital and financing to maintain their existence. Fifth Interim Status Report at 8 [Doc. #255-1]. The receiver has been extensively involved in monitoring and facilitating these companies' pursuit of additional capital and now seeks authorization to sell the receivership's shares in one

such company, Pollen, Inc. She asserts that selling the shares will reduce the receivership's operating costs while increasing liquid assets and maximizing the possibility of a distribution to investors.

The receiver filed a redacted version of a valuation report of the proposed sale in the public record.[1] McDaniel complains that the redactions prevent him from determining whether the proposed sale is in the best interest of the receivership estate. He moves to intervene pursuant to Rule 24(a) for the purpose of obtaining detailed information about the terms of the sale so that he may decide whether to object to the proposed sale.

II. **Discussion**

Rule 24(a), Fed.R.Civ.P., provides for intervention of right by anyone who:

> [o]n timely motion . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a)(2).

To intervene as a matter of right under Rule 24(a), McDaniel must establish that: (1) the motion is timely, (2) he has a recognized interest in the litigation, (3) the interest may be impaired by the resolution of the case, and (4) no other party can adequately protect his interest. South Dakota *ex rel* Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003). "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." Id. (citing Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. 1999)). The receiver argues that

---

[1] The receiver states that she is prohibited from disclosing the redacted information by the terms of a confidentiality provision in the Pollen Investor Rights Agreement. A complete copy of the valuation report has been filed under seal.

McDaniel does not have a recognized interest in the litigation because he failed to timely file a claim with the receivership.

On March 4, 2013, the Court entered an order establishing May 16, 2013 as the date by which investors and others seeking payment from the receivership had to submit claims (the "claims order"). The purpose of the claims order was to help the receiver determine liabilities and assist in the fair distribution of the receivership's limited proceeds. The order defines a "claim" as:

> (a) a right to payment, whether or not such right is reduced to judgment . . ., against one or more of the Receivership Entities; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment . . .; or (c) <u>a right to a distribution from one or more of the Receivership Entities, including but not limited to a right based on an investment in or through one or more of the Receivership Entities</u>.

Order at ¶3 (emphasis added) [Doc. #234].

Any claimant who failed to submit a timely claim:

> (a) shall be forever barred . . . from asserting, in any manner, such Claim against the Receiver, the Receivership Entities, and their respective estates or property, (b) shall not be permitted to object to any distribution plan proposed by the Receiver . . . (c) shall be denied any distributions under any distribution plan implemented by the Receiver, and (d) shall not receive any further notices.

Order at ¶6(h).

Pursuant to the claims order, the receiver sent investors a "Notice of Claims Bar Date and Procedures for Submitting Proofs of Claims." Kathleen Kraft, attorney for the receiver, declares that the Notice and a proof of claim form were mailed to Mr. McDaniel at his last known street address by U.S. Mail, first class, postage prepaid. He does not assert that he did not receive the mailing.

McDaniel did not file a claim by May 13, 2013. He nonetheless argues that he has an ongoing "general ownership interest as an investor" in one of the receivership

entities. He asserts that there is a distinction between, on the one hand, an equity holder's right to receive a particular distribution that has already been declared but not yet paid and, on the other hand, a general equity interest and right to receive future distributions based on that interest. In support of this distinction, he cites cases applying the bankruptcy code's statutory definitions of "equity security" and "claim." See, e.g., Carrieri v. Jobs.com, Inc., 393 F.3d 508, 521-23 (5th Cir. 2005) (discussing importance of distinction between "claim" and "equity security" under absolute priority rule). Here, the court order supplies the relevant definition of "claim," not the bankruptcy code, and the distinction McDaniel relies on is irrelevant.

McDaniel also argues that the claims of investors fall outside the plain language of the order. He notes that subsection c of the definition of "claim" refers to "a right to payment" and "a right to a distribution." He argues that the use of the article "a" limits the definition of claims to "particular" distributions that were declared but not paid before the claims bar date. Any claims for distribution arising from the proposed Pollen sale cannot be barred, he argues, because the sale was not announced until after the claims bar date of May 6, 2013.

McDaniel's interpretation of "claim" ignores the rest of subsection c, which includes "a right [to a distribution] based on an investment in or through one or more of the Receivership Entities." Any interest McDaniel may have in the proceeds of the sale arises solely because of his status as an investor in a receivership entity. If he wanted to partake in the proceeds, he was required under the plain language of the order to submit a claim.

It was made abundantly clear to investors that they were required to submit claims to the receiver in order to preserve their rights to future distributions from the

receivership estates. The receiver's notice to investors, which McDaniel received, specified that:

> [a]ll persons or entities . . . that believe they possess a potential or claimed right to payment, or <u>a potential claim of any nature</u>, against any of the Receivership Entities and believe that they are owed any money by, <u>or are entitled to a distribution</u> (including distribution of a debt, equity or hybrid type interest) from, any of the Receivership Entities must submit a Proof of Claim Form.

<u>See</u> Doc. #233-3 (emphasis added). Claimants were required to provide "copies of personal checks, cashier's checks, wire transfer advices, account statements <u>and other documents evidencing the investment or payment of funds</u>" to support their claim. <u>Id.</u> The receiver reports that 103 of the approximately 124 investors filed timely claims. McDaniel was not one of them.

The claims process was put in place to assist the receiver in identifying all potential liabilities against the receivership entities and to aid in equitable distribution of limited proceeds to valid claimants. McDaniel's interpretation of the claims order would introduce unnecessary uncertainty and interfere with this purpose. He offers no explanation for his failure either to object to the claims order when it was entered or to submit a timely claim. Because he failed to submit a claim, he has forfeited his rights to either claim or object to a distribution and thus has no recognized interest in the litigation. He is not entitled to intervene as of right under Rule 24(a).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Mike McDaniel to intervene [Doc. #300] is **denied**.

                                        _____
                                        CAROL E. JACKSON
                                        UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2014.