UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:12-CV-80 (CEJ) ) |
| BURTON DOUGLAS MORRISS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the receiver's motion for sale of preferred and common shares of Pollen, Inc.

On January 17, 2012, the Court appointed a receiver to oversee four investment entities established by defendant Burton Douglas Morriss. The appointment order empowered the receiver to "administer and manage" the business affairs and property of the investment entities and to "marshal and safeguard all of the assets of the Investment Entities and take whatever actions are necessary for the protection of investors." Order at 1 [Doc. #16]. The receivership owns shares of preferred and common stock in Pollen, Inc., a private financial software company founded in 2008. The receiver seeks authorization to sell those shares back to Pollen, which has offered to purchase 1,656,299 preferred shares for $2.25 per share and 31,764 common shares for $1.00 per share.[1] The proposed sale will increase the liquid assets of the

---

[1] After the receiver filed the motion, nonparty Mike McDaniel filed a motion to intervene, pursuant to Fed.R.Civ.P. 24(a). McDaniel identified himself as a shareholder in the receivership entities with standing to object to a proposed sale if it was not in the best interest of the receivership estate. However, McDaniel failed to submit a claim in compliance with the procedure established by court order, and thus forfeited his rights to either claim or object to a distribution from the receivership. No other objections to the proposed sale have been received.

estate, maximize the possibility of a distribution to investors, help fund the receiver's pursuit of recoveries against third parties, and reduce the costs of managing and monitoring the investment.

The proposed sale is governed by 28 U.S.C. §§ 2001 and 2004. Section 2004 states that "any personalty sold under any order or decree of any court in the United States shall be sold in accordance with section 2001, unless the court orders otherwise." Under § 2001, property may be sold in a public sale or, as is necessary here, in a private sale, provided that three separate appraisals have been conducted, the terms are published, and the sale price is no less than two-thirds of the valued price. SEC v. Goldfarb, No. C 11-00938 WHA, 2013 WL 4504271, at *2 (Aug. 21, 2013). Section 2001 "does express a preferential course to be followed in connection with a court authorized sale of property and . . . the district court should not order otherwise except under extraordinary circumstances." Tanzer v. Huffines, 412 F.2d 221, 222 (3d Cir. 1969).

The pool of potential buyers of the Pollen shares is very limited. As a private company, Pollen is under no obligation to provide the information and diligence a serious potential buyer would require. Thus, only current shareholders and the company itself are in a position to make a genuine offer. The accounting firm CliftonLarsonAllen LLP evaluated Pollen's offer and concluded that the share prices offered by Pollen would give the receivership "a rate of return commensurate with the expected returns of venture capitalists in start-up and early development companies. Further, the purchase provides liquidity for what would otherwise be an illiquid long-term investment." Cover letter [Doc. #294-2].

The Court finds that sufficient grounds exist to authorize the receiver's sale outside the statutory scheme set forth in 28 U.S.C. §§ 2001 and 2004. The Court further finds that the offer by Pollen represents the best price for the preferred and common stock under the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that the receiver's motion for leave to sell preferred and common shares of Pollen, Inc., [Doc. #293] is **granted**.

**IT IS FURTHER ORDERED** that the receiver is authorized to sell the receivership's Preferred Stock and Common Stock in Pollen, Inc. to Pollen, Inc. on the terms and conditions set forth in the motion and in Exhibit A to the motion.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014.