# EXHIBIT A

## SETTLEMENT AGREEMENT SUBJECT TO FRE 408

## AGREEMENT TO COMPROMISE, SETTLE AND RELEASE CLAIMS

This Agreement To Compromise, Settle and Release Claims (the "Agreement") is made and entered into by and among Acartha Group, LLC, MIC VII, LLC, Acartha Technology Partners, LP, Gryphon Investments III, LLC, and each of their subsidiaries, successors and assigns (collectively the "Receivership Entities), by and through Claire M. Schenk as Receiver over the Receivership Entities ("Receiver"); UHY Advisors MO, Inc. ("UHY"); Patrick Stark ("Stark"); and Brian Peterson ("Peterson").

WHEREAS, on January 17, 2012, in the case captioned *Securities and Exchange Commission v. Burton Douglas Morriss*, et al., Case No. 4:12-cv-00080-CEJ (E.D. Mo. 2012) (the "Receivership Proceedings"), the United States District Court for the Eastern District of Missouri (the "Receivership Court") entered an Order appointing Claire M. Schenk as Receiver over the Receivership Entities (the "Order Appointing Receiver");

WHEREAS, the Receiver, consistent with her appointment, has asserted certain civil claims that she believes she has against UHY, Stark and Peterson on behalf of the Receivership Entities, arising out of alleged acts and omissions of UHY, Stark and Peterson in the provision of professional services to the Receivership Entities, during the period March 3, 2009 through January 12, 2012, including claims arising out of services performed for the Receivership Entities pursuant to engagement letters dated March 3, 2009 and March 5, 2011 (the "Receiver's Claims");

WHEREAS, UHY, Stark and Peterson deny any wrongdoing, misconduct, or liability to the Receivership Entities related to the provision of professional services to the Receivership Entities and maintain that any such claims brought by the Receiver would lack merit, and that they have, or may have, counterclaims against the Receivership Entities;

WHEREAS, on or about May 3, 2013, UHY filed a proof of claim form in the Receivership Proceedings, asserting a claim against the Receivership Entities in the amount of $220,060 for professional accounting services provided by UHY to the Receivership Entities, and on or about September 3, 2013, supplemented its proof of claim with additional documents and information;

WHEREAS, the Receiver designated UHY's proof of claim, as supplemented, as Claim Number 16 in the Receivership Proceedings ("Claim No. 16");

WHEREAS, on January 13, 2014, the Receiver issued her final notice of determination on Claim No. 16, recommending that the Receivership Court disallow Claim No. 16 (the "Notice of Determination");

WHEREAS, the Receiver, UHY, Stark and Peterson executed a "Tolling Agreement" as of February 5, 2014, to toll the running of any applicable statutes of limitation or repose so as to afford the parties to the Tolling Agreement an opportunity,

## SETTLEMENT AGREEMENT SUBJECT TO FRE 408

through negotiation, to attempt to resolve the Receiver's Claims and Claim No. 16, and the Tolling Agreement has been amended and extended;

WHEREAS, the Receiver, UHY, Stark and Peterson executed an "Agreement Regarding Confidentiality and Use of Information Disclosed and Exchanged During Settlement Negotiations" effective as of March 14, 2014 (the "Confidentiality Agreement"), whereby the parties to the Confidentiality Agreement agreed to certain terms for the confidentiality, use and disclosure of information exchanged by the parties during settlement negotiations;

WHEREAS, the Receiver, UHY, Stark and Peterson have engaged in settlement negotiations, including agreed-upon mediation with the Hon. Wayne Andersen, a retired U.S. District Court Judge, through the services of JAMS, Inc.; and

WHEREAS, the Receiver, UHY, Stark and Peterson have reached agreement on terms and conditions for compromising, settling and releasing the Receiver's Claims, as well as Claim No. 16, as set forth in this Agreement;

NOW, THEREFORE, in consideration of the mutual promises and undertakings, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party, and intending to be legally bound, it is agreed as follows:

1. **Agreement Submitted to Receivership Court for Approval.** The Receiver, UHY, Stark and Peterson each acknowledge and agree that this Agreement is subject to approval by the Receivership Court. Accordingly, the Agreement will be submitted to the Court as part of the Receiver's motion for approval and will be filed within the Receivership proceeding.

2. **Cash Payment by UHY to Receiver Upon Receivership Court Approval.** Within ten (10) calendar days of notice of approval of this Agreement by the Receivership Court in the Receivership Proceedings, UHY shall pay to the Receiver for the benefit of the Receivership Entities, by wire transfer, the sum of Two Million Three Hundred Thousand Dollars and No Cents ($2,300,000.00) (the "Cash Payment"). The wire transfer shall be accomplished in the manner directed by the Receiver.

3. **Withdrawal of Receiver's Recommendation That Court Disallow UHY Proof of Claim Upon Receipt of Cash Payment.**

    (a) Promptly upon receipt of the Cash Payment, the Receiver shall re-issue the Notice of Determination on Claim No. 16, which notice will (i) withdraw the recommendation made in the Notice of Determination and (ii) recommend that the Receivership Court allow Claim No. 16. UHY acknowledges and agrees that in the event the Court allows Claim No. 16, any consideration UHY may receive in the future as a result of any allowance of Claim No. 16, in whole or

2

# SETTLEMENT AGREEMENT SUBJECT TO FRE 408

in part, is uncertain and dependent upon future circumstances, including presentation and approval of a final plan of distribution of any assets that may remain with the Receivership Entities after payment or distribution of assets to various classes of claimants that have not yet been finally determined or approved. The Receiver makes no representations, warranties, or promises, express or implied, regarding the likelihood that UHY will receive any payment or other consideration as a result of the Receiver's re-issuance of the notice of determination for Claim No. 16. The Receiver shall have no duty or obligation with respect to Claim No. 16 except as expressly set forth in this Paragraph 3(a).

(b)     Promptly upon receipt of the Receiver's re-issuance of a notice of determination for Claim No. 16 in accordance with Paragraph 3(a) above, UHY shall prepare, and coordinate with the Receiver the filing of, a stipulation or other appropriate document withdrawing *UHY's Objection to Receiver's Notice of Determination on Claim No. 16* in the Receivership Proceedings (ECF No. 332) (the "UHY Objection"). The document described in this paragraph shall be subject to review and approval by the Receiver. UHY shall file the document described in this paragraph with the Receivership Court on or before the later of (i) July 17, 2015 or (ii) five (5) business days after Receivership Court approval of this Agreement. If Receivership Court approval of this Agreement has not been secured on or before July 17, 2015, UHY will cooperate with the Receiver in obtaining the necessary extension(s) of the Receiver's deadline to respond to the UHY Objection.

4.     <u>Release of UHY, Stark, and Peterson by Receiver and Receivership Entities.</u> Effective upon receipt of the Cash Payment, the Receiver, on behalf of herself as Receiver of the Receivership Entities and her successor receiver(s), and also on behalf of the Receivership Entities, and the Receivership estate, their successors and assigns and all those claiming under or through them, releases, remises and discharges UHY, its affiliates, subsidiaries and related companies (including for these purposes UHY LLP), and all of their respective owners, directors, officers, partners, members, managers, employees, agents, representatives, insurers, attorneys and successors, and Stark and Peterson, and all of their respective heirs, successors, assigns and personal representatives, and each of them (collectively, the "UHY Releasees"), from any and all known and unknown claims, actions, causes of action, lawsuits, demands, damages, liabilities, losses, or expenses, of any kind or nature whatsoever, whether legal or equitable, that the Receiver has or might have against any of the UHY Releasees, including the Receiver's Claims, excepting any claim for breach of any obligation arising under this Agreement. For purposes of clarifying the identity of the UHY Releasees, and without in any manner limiting the scope of the aforesaid release in favor of the UHY Releasees, the Parties acknowledge and agree that the release provided for in this paragraph extends only to the UHY Releasees defined in this paragraph, and not to any other person or entity, and also agree that the following persons and entities are not UHY Releasees: Burton Douglas Morriss, Dixon R. Brown, John S. Wehrle, Wynne Dixon, Ameet Patel, Hany Teylouni, Chris Aliprandi, Morriss Holdings and Morriss Enterprises.

3

1510793.5

## SETTLEMENT AGREEMENT SUBJECT TO FRE 408

5.  **Release of Receiver, Receivership Entities, and Receivership Estate by UHY, Stark, and Peterson.** Effective upon receipt of the Cash Payment, UHY, Stark and Peterson, on behalf of themselves, their heirs, successors and assigns and all those claiming under or through them, release, remise and discharge the Receiver, the Receivership Entities and the Receivership estate, and each of them, their affiliates, subsidiaries and related companies, and all of their respective owners, directors, officers, partners, members, managers, employees, agents, representatives, insurers, attorneys and successors, and all of their respective heirs, successors, assigns and personal representatives, and each of them ("the Receivership Releasees"), from any and all known and unknown claims, actions, causes of action, lawsuits, demands, damages, liabilities, losses, or expenses, of any kind or nature whatsoever, whether legal or equitable, that they have or might have against any of the Receivership Releasees, excepting any claim for breach of any obligation arising under this Agreement.

6.  **The Parties Retain Right to Make Claims or Litigate to Enforce the Terms of this Agreement.** The Parties do not release or waive herein their rights to make claims or litigate specifically to enforce the terms of this Agreement, if breached, after ten (10) days prior written notice to each other, and opportunity to cure the breach during those ten (10) days.

7.  **No Admission of Liability or Wrongdoing.** Each party to this Agreement acknowledges and agrees that the terms and conditions set forth in this Agreement constitute a compromise and settlement of disputed claims and positions. By entering into this Agreement, no party admits to any liability or wrongdoing by that party, and no party makes any concession that the claims and positions asserted by it are not well founded. Instead, this Agreement has been made and entered into as a result of the uncertainties, costs and expenses of litigation. The parties anticipate that, in the absence of this Agreement at this point, the litigation that was likely to ensue would have involved a highly significant investment of time, resources and money for the fees and expenses of attorneys, expert witnesses, discovery, travel, copying expense, motion practice, trial and possible appeals.

8.  **Entire Agreement.** This Agreement constitutes the entire agreement between the parties regarding the subject matter of this Agreement. There are no other agreements, understandings, promises or undertakings between the parties regarding that subject matter that are not fully set forth in this Agreement.

9.  **Governing Law; Venue for Dispute Resolution.** This Agreement shall be governed by federal law insofar as it is applicable and otherwise by the laws of the State of Missouri without regard to the application of its conflict of law principles. Any dispute arising under or in connection with this Agreement shall be subject to the exclusive jurisdiction of the Receivership Court.

10. **Execution in Counterparts; Exchange of Signed Originals.** This Agreement may be executed simultaneously in counterparts and exchanged via facsimile or electronic transmission, each of which shall be deemed an original, and all of which shall constitute

1510793.5

## SETTLEMENT AGREEMENT SUBJECT TO FRE 408

one instrument. This Agreement shall become effective when it has been executed by an authorized representative of each party.

11. <u>No Assignment.</u> This Agreement may not be assigned in whole or in part by any party to this Agreement.

12. <u>Authority.</u> Each of the parties represents and warrants that the person executing this Agreement on its behalf has full and proper authority to do so.

IN WITNESS WHEREOF, each party has executed this Agreement as of the date set forth below.

_____          6/22/15
Claire M. Schenk, as Receiver over the Receivership Entities      Date


UHY Advisors MO, Inc.

By:_____                _____
                                                   Date

Name printed: _____

Title: _____



_____                   _____
Patrick Stark                                     Date


_____                   _____
Brian Peterson                                    Date

5

1510793.5

## SETTLEMENT AGREEMENT SUBJECT TO FRE 408

one instrument. This Agreement shall become effective when it has been executed by an authorized representative of each party.

11. <u>No Assignment.</u> This Agreement may not be assigned in whole or in part by any party to this Agreement.

12. <u>Authority.</u> Each of the parties represents and warrants that the person executing this Agreement on its behalf has full and proper authority to do so.

IN WITNESS WHEREOF, each party has executed this Agreement as of the date set forth below.

_____   _____
Claire M. Schenk, as Receiver over the Receivership Entities         Date

UHY Advisors MO, Inc.
By: _____         6-25-15
Name printed: HARRY J PORSCHEN            Date
Title: President

_____             6-25-15
Patrick Stark                              Date

_____             _____
Brian Peterson                             Date

5

1510793.5

## SETTLEMENT AGREEMENT SUBJECT TO FRE 408

one instrument. This Agreement shall become effective when it has been executed by an authorized representative of each party.

11.  No Assignment. This Agreement may not be assigned in whole or in part by any party to this Agreement.

12.  Authority. Each of the parties represents and warrants that the person executing this Agreement on its behalf has full and proper authority to do so.

IN WITNESS WHEREOF, each party has executed this Agreement as of the date set forth below.

_____         _____
Claire M. Schenk, as Receiver over the Receivership Entities        Date

UHY Advisors MO, Inc.

By:_____                    _____
                                                        Date

Name printed: _____

Title: _____


_____                   _____
Patrick Stark                                          Date

*/s/ Brian K. Peterson*                                6/24/15
_____                   _____
Brian Peterson                                         Date

5

1510793.5