UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:12-CV-80 (CEJ) |
| BURTON DOUGLAS MORRISS, et al., | ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the receiver's motion for approval of sale of interests in Clearbrook Global Advisors, LLC (Clearbrook).

On January 17, 2012, the Court appointed a receiver to oversee four investment entities established by defendant Burton Douglas Morriss. The appointment order empowered the receiver to "administer and manage" the business affairs and property of the investment entities and to "marshal and safeguard all of the assets of the Investment Entities and take whatever actions are necessary for the protection of investors." [Doc. #16, p. 1]. The receivership owns Series B Preferred shares in Clearbrook, a holding company that provides investment advisory and securities brokerage services through wholly owned subsidiaries. The receiver seeks authorization to redeem all of the receivership's interests to Clearbrook for $100,000. The proposed redemption will increase the liquid assets of the estate, increase the funds available for distribution to allowed claimants, and avoid the risk of future diminution of the receivership's interests in Clearbrook.

The proposed sale is governed by 28 U.S.C. §§ 2001 and 2004. Section 2004 provides that "any personalty sold under any order or decree of any court in the United States shall be sold in accordance with section 2001, unless the court orders otherwise." Under § 2001, property may be sold in a public sale or, as is necessary here, in a private sale, provided that three separate appraisals have been conducted, the terms are published, and the sale price is no less than two-thirds of the valued price. SEC v. Goldfarb, No. C 11-00938 WHA, 2013 WL 4504271, at *2 (Aug. 21, 2013). Section 2001 "does express a preferential course to be followed in connection with a court authorized sale of property and . . . the district court should not order otherwise except under extraordinary circumstances." Tanzer v. Huffines, 412 F.2d 221, 222 (3d Cir. 1969).

The pool of potential buyers of the Clearbrook interests is very limited. As a privately-held company, Clearbrook is under no obligation to provide the information and diligence that a serious potential buyer would require. Thus, only current shareholders and the company itself are in a position to make a genuine offer. The accounting firm CliftonLarsonAllen LLP evaluated Clearbrook's offer and concluded that the offered redemption value is reasonable based on available information. Furthermore, the proposed redemption avoids significant downside risks of rejecting the offer. Ex. C [Doc. #463-3].

The Court finds that sufficient grounds exist to authorize the receiver's sale outside the statutory scheme set forth in 28 U.S.C. §§ 2001 and 2004. The Court further finds that the redemption offer by Clearbrook represents the best price for the interests under the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that the receiver's motion for approval of sale of interests in Clearbrook Global Advisors LLC [Doc. #462] is **granted**.

**IT IS FURTHER ORDERED** that the receiver is authorized to sell the receivership's interests in Clearbrook Global Advisors LLC on the terms and conditions set forth in the Motion and in Exhibit B to the Motion.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2016.